IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM LEON WHITE                                                                                         PLAINTIFF

v.                                            Case No. 4:21-cv-4025

SHERIFF BRIAN McJUNKINS, Howard County,
Arkansas; JAIL ADMINISTRATOR JANA TALANT;
JOHN DOE 309 INMATES #1 AND #2; CELL-MATE
DAMARCUS; and JOHN DOE OFFICER #1                                              DEFENDANTS

## **ORDER**

William Leon White filed this 42 U.S.C. § 1983 action *pro se* on March 23, 2021. (ECF No. 1). That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. (ECF No. 3). Before the Court is Plaintiff's failure to comply with orders of the Court.

On March 23, 2021, the Court entered an order directing Plaintiff to file an Amended Complaint by April 13, 2021, to clarify his claims. (ECF No. 6). The order informed Plaintiff that failure to comply with the order would result in the case being dismissed. To date, Plaintiff has not filed an Amended Complaint and the order directing him to do so has not been returned as undeliverable. On April 13, 2021, the Court entered an order directing Plaintiff to show cause by May 4, 2021, as to why he failed to an Amended Complaint. (ECF No. 7). To date, Plaintiff has not responded and the order directing him to show cause has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of May 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge